IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HEATHER LYNN LUCUS, : | |
| : | Case No. 2:15-CV-799 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge King |
| HONG KONG SUNHOUSE ENTERPRISE : | |
| CO., et al. : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

Before the Court is Defendant Hong Kong Sunhouse Enterprise Company's ("Defendant" or "Sunhouse") Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (Doc. 12). The motion has been fully briefed and is ripe for review. For the reasons that follow, the Court **GRANTS** the motion.

### I.  BACKGROUND

On February 4, 2013, Plaintiff Heather Lynn Lucus ("Plaintiff" or "Lucus") was at her brother's house watching the Super Bowl when she sat on a barstool. (Compl., Doc. 3, ¶ 7.) Her brother purchased the stool two to three weeks earlier. (*Id.*) When she sat on the stool, the seat broke away from its lower part, "forcefully throwing Lucus to the floor." (*Id.*, ¶ 13.) As a result of the fall, she sustained a left ankle fracture that resulted in nerve damage and required surgery. (*Id.*, ¶ 15.) According to Lucus, the metal "O-ring," a component of the stool designed to keep the seat of the stool attached to the lower part, had become dislodged. (*Id.*, ¶ 16.) Lucus alleges that the O-ring was not properly secured, which resulted in her accident and injuries. (*Id.*, ¶ 17.)

On February 3, 2015, Lucus brought a complaint in the Franklin County Court of Common Pleas against various defendants, including Sunhouse, a Chinese company, that were

1

involved in the design, manufacture, marketing, and sale of the faulty stool. (*Id.*, ¶ 18.) On March 6, 2015, Defendant At Home Stores, LLC filed notice of removal to this Court pursuant to Federal Rule of Civil Procedure 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446. (Doc. 1.)

On June 19, 2015, Sunhouse filed a motion to dismiss for lack of personal jurisdiction and insufficient service under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), respectively. (Doc. 12.) Plaintiff responded in opposition on July 13, 2015. (Doc. 13.) On July 23, 2015, Plaintiff filed a motion to stay, requesting the Court hold in abeyance any ruling on Sunhouse's motion to dismiss until Plaintiff served Sunhouse in accordance with the Hague Convention and Federal Rule of Civil Procedure 4(f). (Doc. 14.) On August 10, 2015, Sunhouse filed its reply to Plaintiff's Response to the Motion to Dismiss, (Doc. 22). On August 12, 2015, Sunhouse filed its response in opposition to Plaintiff's Motion to Stay, (Doc. 24), and on August 21, 2015, Plaintiff filed a reply. (Doc. 26.) On January 6, 2016, Plaintiff filed a supplemental memorandum in opposition to Sunhouse's motion to dismiss. (Doc. 42.) On January 15, 2016, Sunhouse filed a Supplemental Memorandum in response to Plaintiff's supplemental memorandum. (Doc. 44.)

## II. ANALYSIS

### A. Standard of Review

A federal court sitting in diversity may exercise jurisdiction over a defendant if jurisdiction is "both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). The party seeking to establish personal jurisdiction bears the burden to establish such jurisdiction. *Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). When, as here, a district court rules on a motion to

dismiss without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the nonmoving party. *Id.* Nevertheless, a court may accept as true uncontroverted factual assertions of the defendant. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147 (6th Cir. 1997). To defeat the motion, Plaintiff need only make a *prima facie* showing of jurisdiction. *Beydoun*, 768 F.3d at 504. When jurisdiction is challenged in a motion to dismiss, however, "the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)).

## B. Ohio's Long-Arm Statute

Ohio's long-arm statute provides that a court may properly exercise personal jurisdiction over a nonresident defendant who meets one of nine enumerated criteria. Ohio Rev. Code § 2307.382(A). The parties dispute whether §§ 2307.382(A)(1) or (2) provides a basis for jurisdiction over Sunhouse. These sections of the long-arm statute provide as follows:

(A) [a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state.

Ohio Rev. Code 2307.382(A).

The Court first turns to the question of whether it has jurisdiction over Sunhouse under 2307.382(A)(1). Ohio law limits the reach of this section somewhere short of the boundary of the Fourteenth Amendment. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 513 (6th Cir. 2006). The section is a broad statement of jurisdiction, and has given rise to "a variety of cases which 'have reached their results on highly particularized fact situations, thus rendering any

generalization unwarranted.'" *U.S. Sprint Commc'ns Co. Ltd. P'ship. v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 185 (1994) (quoting 22 Ohio Jurisprudence 3d (1980) 430, Courts and Judges, Section 280).

Plaintiff argues that the Court has jurisdiction under 2307.382(A)(1) because "[a] stool Sunhouse designed or manufactured was sold to an Ohio resident in Ohio and was involved in an accident causing injury to an Ohio resident in Ohio." (Doc. 13 at 4.) Plaintiff's reading of "transacting" is overbroad. To "transact" means

> to *prosecute negotiations*; to carry on business; to *have dealings*. . . . The word embraces in its meaning the *carrying on* or *prosecution* of business negotiations but it is a broader term than the word 'contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion.

*Ky. Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75 (1990) (quoting *Black's Law Dictionary* 1341 (5 Ed. 1979)) (emphases added).

To support her argument that the Court has jurisdiction over Sunhouse under 2307.382(A)(1), Plaintiff relies on *Gutter Topper, Limited v. Hart & Cooley, Incorporated*, No. 04-655, 2005 U.S. Dist. LEXIS 9335 (S.D. Ohio May 6, 2005). Plaintiff argues that *Gutter Topper* stands for the proposition that "[p]ersonal jurisdiction is established when a company provides one of its products to distributors or dealers in Ohio," and that "the mere pleading that defendant's activities have caused injury in the forum state supports jurisdiction." (Doc. 13 at 4) (citing *Gutter Topper*, 2005 U.S. Dist. LEXIS 9335, at \*5). Plaintiff's reliance on *Gutter Topper* is misplaced for two reasons.

First, Plaintiff has not demonstrated that Defendant provided a product to distributors or dealers in Ohio. This is unlike the plaintiff in *Gutter Topper* who established that the defendant provided its product and sales videotapes to distributors and dealers in Ohio, and that the defendant operated an interactive website through which customers in Ohio could inquire about

4

becoming a dealer. 2005 U.S. Dist. LEXIS 9335, at *5. Although Sunhouse's stool ended up in Ohio, there is no evidence that Sunhouse supplied the stool or any other product to a distributor or dealer in Ohio. The only evidence before the Court is that Defendant might have supplied goods to a distributor based in Texas, not Ohio. (Doc. 42-1 at 2; 44-2 at 2, 5, 12, 14; Doc. 44-3 at 5, 12, 14.)

Second, while mere pleading can *support* jurisdiction, it does not necessarily *establish* it. Plaintiff submits that "it is clear Sunhouse transacted business in Ohio" yet does not elaborate, relying instead on *Gutter Topper*, a case whose facts differ markedly from those here. A product manufactured by a foreign company causing injury in Ohio is not enough of a showing to confer jurisdiction under Ohio's long-arm statute, and Ohio courts have explicitly refused to find jurisdiction over a defendant "merely because that defendant places a product into the stream of commerce that may foreseeably flow into Ohio." *Hoover Co. v. Robeson Indus. Corp.*, 904 F. Supp. 671, 674 (N.D. Ohio 1995) (citing *Mellott v. Dico Co., Inc.*, 7 Ohio App.3d 52, 53-55 (1982)); *see also Ky. Oaks Mall,* 53 Ohio St.3d at 75, *supra*; *cf. U.S. Sprint Commc'ns*, 68 Ohio St.3d at 187 (finding jurisdiction under § 2307.382(A)(1) for a defendant who "frequently made long distance telephone calls to Ohio to sell its products," and whose "independent distributors located in Ohio placed orders . . . with [defendant] in Buffalo, which then shipped these goods to Ohio for ultimate sale"). Ohio law requires that a defendant "must do some act or consummate some transaction within the forum" in order for this section to confer jurisdiction. *Stern's Dept. Stores, Inc. v. Herbery Mines Assoc., Inc.*, No. 98-844, 1999 WL 33471990, at *5 (S.D. Ohio July 8, 1999) (citing *Hoover*, 904 F. Supp. at 674 (citing *Ohio State Tie & Timber v. Paris Lumber Co.*, 456 N.E.2d 1309, 1312 (Ohio 1982))). Plaintiff has not demonstrated as much, and thus has not established that Sunhouse transacted business under § 2307.382(A)(1).

5

The Court now turns to whether it has jurisdiction over Sunhouse under Ohio Rev. Code 2307.382(A)(2). In support of her position that Sunhouse contracted to supply goods in Ohio, Plaintiff reiterates the argument proffered above, namely that "[i]t is undisputed . . . that the stool involved in [Plaintiff's] accident was purchased from a store in . . . Ohio and was manufactured and/or designed by . . . Sunhouse." (Doc. 13 at 4.) In her Supplemental Memorandum, (Doc. 42), Plaintiff also provides a brochure, Part IV of the "Garden Ridge: Import and Packing Manual" (the "Manual"), which outlinines the responsibilities of vendors like Sunhouse who supply products to Garden Ridge. (Doc. 42-2 at 2.) According to the document,

> [i]t is the vendor's responsibility to inform Garden Ridge of all laws and licensing requirements related, in any way . . . to the product vendor supplies. It is the vendor's responsibility to keep Garden Ridge current on any and all changes in law or licensing requirements for product vendor supplies.

(*Id.*) Underneath this section is a Store Appendix that lists store numbers and locations. Store number 28 on the list is in Hilliard, Ohio. (*Id.*) Plaintiff offers this document to demonstrate that Sunhouse was "fully aware" that Garden Ridge maintained a store in Ohio and that Sunhouse was "aware of [its] obligation to keep . . . Garden Ridge informed of all laws and licensing requirements related to the sale of its products in places such as Ohio." (Doc. 42 at 3.)

This an insufficient showing under § 2307.382(A)(2). To begin, Plaintiff fails to establish whether Sunhouse ever received the Manual. The only signed document between Garden Ridge and Sunhouse now before the Court references a shipping and packing manual that has no store listing, only contact information for accounts payable, inquiries, and liability insurance, all of which are in Texas. (Doc. 44 at 4; Doc. 44-2 at 5, 12, 14.)

Even if the Court assumes Sunhouse had received this document, it would establish merely that Sunhouse might have contracted to supply goods to a distributor in Texas that may or may not in turn be supplied to Garden Ridge's lone Ohio store, not that Sunhouse contracted to

6

supply the stool to Ohio. Plaintiff has not provided any evidence that Defendant has contracted to provide any good or service to Ohio. Plaintiff has thus failed to establish the Court's jurisdiction over Sunhouse. *See Brunner v. Hampson*, 441 F.3d 457, 464 (6th Cir. 2006) (finding no jurisdiction under § 2307.382(A)(2) because the pleadings did not "provide any factual basis to show that [defendant] supplied any goods to Ohio" or "explain what services [defendant] allegedly provided [in Ohio]"); *Nationwide Life Ins. Co. v. Hampton Supply, Inc.*, 829 F. Supp. 915, 916 n.1 (S.D. Ohio 1993) (finding no jurisdiction under § 2307.382(A)(2) because it did not appear "that the parties' contract *required defendant* to supply either goods or services in Ohio.") (emphasis added and omitted); *cf. Morgan Adhesives Co. v. Sonicor Instrument Corp.*, 107 Ohio App.3d 327, 333 (1995) (finding jurisdiction under § 2307.382(A)(2) for an entity that that sold a product with warranty directly to an Ohio corporation).

Because the Court lacks jurisdiction under Ohio's long-arm statute, the Court need not determine whether exercising jurisdiction over Defendant comports with the Fourteenth Amendment.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Sunhouse's Motion to Dismiss for Lack of Jurisdiction. The Court also **DENIES** Plaintiff's request to conduct an evidentiary hearing. Plaintiff supplied no reason for the Court to grant the request, and over the past year Plaintiff has produced only two documents purporting to support a finding of the Court's jurisdiction over Defendant Sunhouse. The Court has considered the documents and is not persuaded that a hearing is necessary. Plaintiff's claims against Defendant Sunhouse are **DISMISSED without Prejudice**.

**IT IS SO ORDERED.**

                                              <u>s/ Algenon L. Marbley</u>
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: March 17, 2016**